# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JEREMEY DARNELL MORTON,

      Defendant-Appellant.

UNPUBLISHED
May 24, 2018

Nos. 339601; 339900
Muskegon Circuit Court
LC No. 17-000934-FC

Before: RONYANE KRAUSE, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

In Docket No. 339601, defendant, Jeremey Darnell Morton, appeals by leave granted the trial court's August 4, 2017 order denying his motion in limine regarding the testimony of prosecution witness Josiah Fousse.[1] In Docket No. 339900, defendant appeals by leave granted the trial court's order granting the prosecution's motion in limine to quash defendant's subpoenas for two prosecutors employed in the Muskegon County Prosecutor's Office. We affirm in part, reverse in part, and remand this case to the trial court for further consideration consistent with this opinion.

This case arises out of a shooting death in Muskegon Heights on September 5, 2015. Defendant is accused of ordering Fousse and Kierelle Burns, two men that he employed, to kill the victim, Darnell Byrd. Defendant believed that the victim was talking to the police regarding defendant's involvement in a shooting that occurred in Muskegon on August 30, 2015.

Fousse agreed to cooperate with the investigation and testify against defendant. Before trial, defendant discovered that Fousse was involved in a robbery and murder in Ohio in 2013.

---

[1] In Docket No. 339652, the prosecution also had appealed by leave granted the trial court's ruling concerning Fousse's testimony, but this Court granted the prosecution's motion to dismiss that appeal by order entered May 2, 2018. The prosecution had argued that the trial court abused its discretion by permitting cross-examination of Fousse about his involvement in a murder committed in Ohio because it was a collateral matter as to this case. For the sake of clarity in the discussion of the issues defendant raises, we note our agreement with the trial court's ruling on this issue. Specifically, the evidence was relevant to Fousse's motive for committing the Michigan murder and therefore was more than simply a general attack on Fousse's credibility. See *People v Fuzi #1*, 116 Mich App 246, 251-252; 323 NW2d 354 (1982).

He sought to question Fousse about his involvement in the murder to show that Fousse had another motivation to kill the victim. Defendant's position was that Fousse killed the victim to eliminate him as a possible witness.

At a motion hearing, Fousse invoked his rights against self-incrimination under the Fifth Amendment and refused to answer questions regarding the Ohio murder. In a written opinion, the trial court concluded that if Fousse invoked his Fifth Amendment rights regarding the Ohio murder, he could not testify at trial. The trial court concluded, however, that Fousse's preliminary testimony could be admitted at trial.

In addition, defendant sought to call two prosecutors in the Muskegon County Prosecutor's Office (neither was trying defendant's case) as witnesses at trial. But the trial court, in another written opinion, granted the prosecution's motion to quash the subpoenas.

A trial court's decision to admit or preclude evidence is reviewed for an abuse of discretion. *People v McDaniel*, 469 Mich 409, 412; 680 NW2d 659 (2003). A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes. *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014). We review de novo questions of constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Evidence of Fousse's and the victim's involvement in the Ohio murder made it more probable that Fousse had an alternative motive to kill the victim and that defendant did not order him to do so. Thus, this evidence was relevant. *Id*.

As the trial court concluded, many of the considerations the prosecution cites —such as the fact that Fousse waited two years after the Ohio murder to kill the victim, that Fousse did not kill the victim when they were both involved in a shooting on August 30, 2015 in Muskegon, and that another individual was already convicted of the Ohio murder—affect the weight of the evidence, not its admissibility. *People v White*, 208 Mich App 126, 129; 527 NW2d 34 (1994).

The Fifth Amendment protects a person from being compelled in any criminal case to be a witness against himself. *People v Wyngaard*, 462 Mich 659, 671; 614 NW2d 143 (2000). A witness may assert the privilege against self-incrimination when there is a reasonable basis for the witness to fear incrimination. *People v Dyer*, 425 Mich 572, 578; 390 NW2d 645 (1986).

In Docket Nos. 339601, defendant argues that the trial court erred in not conducting a question-by-question assessment of Fousse's assertion of his Fifth Amendment privilege against self-incrimination regarding the Ohio murder. We agree.

To invoke Fifth Amendment privilege, a witness must show, at a minimum, that he has a reasonable belief of a real danger of incrimination, either directly or indirectly, from his answer. See *People v Seals*, 285 Mich App 1, 9; 776 NW2d 314 (2009); *People v Esse*, 8 Mich App 362, 367; 154 NW2d 545 (1967). "The privilege cannot be invoked on a blanket basis." *United States v Castro*, 129 F3d 226, 229 (CA 1, 1999). A witness may not refuse to answer simply on an invocation of the privilege; rather, the trial court must conduct a particularized inquiry regarding the implications of each question posed, and under the circumstances, whether the

witness' refusal to answer is justified. See *People v Joseph*, 384 Mich 24, 29-30; 179 NW2d 383 (1970), citing *Hoffman v United States*, 341 US 479, 486-487; 71 S Ct 814; 95 L Ed 1118 (1951); see also *Castro*, 129 F3d at 229.

In this case, the parties discussed the possibility that Fousse would invoke his Fifth Amendment rights regarding the Ohio murder at the July 24, 2017 motion hearing. The trial court brought Fousse and his counsel into the courtroom. Fousse indicated that he would invoke his Fifth Amendment rights. Defense counsel asked Fousse two questions regarding his indictment in Ohio, and Fousse refused to answer both and, instead, asserted the Fifth Amendment. The trial court asked if Fousse could be excused, and neither party objected. However, the trial court did not make a determination regarding the validity of Fousse's assertion of Fifth Amendment protection. The trial court subsequently ordered defendant to submit questions to outline the expected cross-examination "to better position the court to evaluate the current issues."

In the trial court's analysis of the issues presented, it first considered whether Fousse's assertion of his Fifth Amendment rights deprived defendant of his rights under the Confrontation Clause. The trial court implicitly concluded that Fousse's invocation of his Fifth Amendment privilege was valid and ruled that Fousse could not be asked any questions regarding the Ohio murder. Considering the evidence defense counsel provided, we agree that Fousse had a "reasonable basis . . . to fear incrimination." See *Dyer*, 425 Mich at 578; see also *Castro*, 129 F3d at 229 ("For the privilege to attach, the questions and answers need not be directly incriminating. If a reply to a seemingly innocuous question reasonably will tend to sculpt a rung in the ladder of evidence leading to prosecution, the privilege appropriately may be invoked."). But the trial court failed to conduct a particularized inquiry as to whether Fousse's refusal to answer specific questions was justified. See *Joseph*, 384 Mich at 29-30; *Castro*, 129 F3d at 229.

In addition, defendant has provided more evidence concerning the Ohio murder and the parties' knowledge of Fousse's involvement than was available to the trial court before it issued its written order on August 4, 2017.[2] According to a transcript of an interview with Ohio authorities, Fousse admitted to being present with Byrd and Jaleel Riley-Smith, Fousse's cousin, when Riley-Smith committed the Ohio murder. This interview occurred before any of defendant's preliminary examinations but a factual issue remains regarding when the parties learned of this information. When the trial court issued its written opinion regarding Fousse's testimony, it knew that a grand jury had indicted Fousse for his possible involvement in a murder in Ohio. But the trial court was not aware that Fousse had admitted to being present during the murder or that Ohio investigators in exchange for his statement promised Fousse that he would not serve any additional prison time in Ohio for the murder in that state after serving "whatever sentence" he received in Michigan for the murder of Byrd.

Defendant contends that Fousse's admissions in the interview eviscerated his claim for Fifth Amendment protection involving the Ohio murder. But Fousse may still invoke the Fifth Amendment's protection against self-incrimination. See *Mitchell v United States*, 526 US 314, 327; 119 S Ct 1307; 143 L Ed 2d 424 (1999) (stating that a defendant awaiting sentencing after a guilty plea may still invoke the privilege against self-incrimination under the Fifth Amendment).

---

[2] This Court granted two motions defendant filed to supplement the record.

This information would have been useful to the trial court when conducting a particularized inquiry into Fousse's assertion of his privilege against self-incrimination.

Although Fousse may have a valid claim to Fifth Amendment protection, that determination must first be made by the trial court; consequently, we remand this case to the trial court for a particularized determination of the validity of his claim of privilege. Not allowing Fousse to testify is an extreme sanction in this case because he is the prosecution's only available witness with personal knowledge of the events at issue. Further, more information is now available regarding Fousse's involvement in the Ohio murder that the trial court may consider in conducting a particularized inquiry into whether Fousse's invocation of the privilege is proper. *Joseph*, 384 Mich at 29-30; *Castro*, 129 F3d at 229.

Because we remand this case to the trial court to conduct a particularized inquiry into the validity of Fousse's Fifth Amendment privilege, we decline to address whether the trial court erred in concluding that his preliminary examination testimony could be admitted at trial. Moreover, additional information is also now available to assist the trial court in ruling on that issue should the trial court again conclude after a particularized inquiry that precluding Fousse from testifying is necessary to protect his privilege against self-incrimination while also protecting defendant's confrontation rights.

In Docket No. 339900, defendant argues that the trial court abused its discretion in granting the prosecution's motion to quash the subpoenas defendant served on two prosecutors in the Muskegon County Prosecutor's Office. We disagree.

A trial court's decision to quash a subpoena to preclude a prosecutor from testifying is reviewed for an abuse of discretion. *McDaniel*, 469 Mich at 412; *People v Ulecki*, 152 Mich App 801, 809; 394 NW2d 114 (1986). In addition, "[t]his Court reviews de novo whether defendant suffered a deprivation of his constitutional right to present a defense." *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009).

At the outset, defendant argues that the trial court erred in quashing the subpoenas without holding a hearing. Because MCR 2.506(H)(3) provides that "[f]or good cause with or without a hearing, the court may excuse a witness from compliance with a subpoena," the trial court did not err in deciding the prosecution's motion to quash without a hearing.

Defendant argues that the trial court abused its discretion in quashing the subpoenas because the prosecutors were necessary witnesses. But this Court has held that a "prosecutor is not a necessary witness if the substance of the testimony can be elicited from other witnesses." *People v Petri*, 279 Mich App 407, 417; 760 NW2d 882 (2008).

Further, this Court held that a prosecutor did not automatically become a necessary witness by interviewing the victim in a sexual assault case involving a minor. *Id*. at 417, 419. In *Petri*, this Court concluded that the defendant "failed to offer any particularized basis for concluding that the prosecutor's testimony would be material to the defense" because the gist of his argument "was that any prosecutor should be automatically disqualified if he or she becomes part of an interview team or conducts a forensic interview." *Id*. at 419.

-4-

In this case, other witnesses can testify regarding the events presented by defendant. Thus, he has failed to show that the prosecutors were necessary witnesses. See *id*. at 417. Further, the trial court's decision to quash the subpoenas does not deprive defendant of a substantial defense. As discussed above, because he can present witnesses or cross-examine witnesses regarding these events, the trial court did not abuse its discretion in granting the prosecution's motion to quash the subpoenas. See *Ulecki*, 152 Mich App at 809.

We affirm in part, reverse in part, and remand this case to the trial court for further consideration consistent with this opinion. We retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Riordan

# Court of Appeals, State of Michigan

# ORDER

People of the State of Michigan v Jeremey Darnell Morton

Docket No.    339601; 339900

LC No.      17-000934-FC

Amy Ronayne Krause
Presiding Judge

Jane E. Markey

Michael J. Riordan
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. The proceedings on remand are limited to the matters indicated by this Court's opinion.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Amy Ronayne Krause

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 24, 2018
Date

Chief Clerk