John H. SWEENEY, Petitioner
and Appellant,

v.

Walter LEAPLEY, Warden of the South
Dakota State Penitentiary, Appellee.

No. 17475.

Supreme Court of South Dakota.

Considered on Briefs Oct. 21, 1991.

Decided July 22, 1992.

Gregg S. Greenfield of Boyce, Murphy McDowell & Greenfield, Sioux Falls, for petitioner and appellant.

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for appellee.

MARTIN, Circuit Judge.

John H. Sweeney (Sweeney) appeals from an order denying his application for a writ of habeas corpus. We reverse and remand.

On November 12, 1981, Sweeney was involved in an incident at the home of Eugene Rufener near Sioux Falls, South Dakota. On November 18, 1981, Sweeney was indicted by a grand jury on charges of first degree burglary, kidnapping, two aggravated assaults, and commission of a felony while armed with a firearm. The state also filed an habitual offender information. On November 23, 1981, Sweeney was arraigned; however, no transcript is available. Sweeney received court appointed counsel. Discovery motions were made upon which the court ruled. The court also ordered a psychiatric examination of Sweeney. On April 13, 1982, Dr. D.J. Kennelly, psychiatrist, rendered his opinion that Sweeney was competent to stand trial. Also on April 13, 1982, Sweeney signed a petition to enter plea of guilty and waiver, pleading guilty to kidnapping, with all other charges as well as the habitual offender information being dismissed. On April 15, 1982, Sweeney was sentenced to life imprisonment.

On April 20, 1989, Sweeney applied for a writ of habeas corpus alleging that his guilty plea was not knowingly, intelligently, and voluntarily entered and that the trial court failed to establish a factual basis for his guilty plea. Judge Kean, by letter dated May 4, 1989, forwarded the application of Sweeney to the public defender's office for representation. A court appointed attorney, Drake A. Titze, was provided for Sweeney. By letter dated January 24, 1991, Titze advised Sweeney that his alleged grounds for habeas corpus relief had no legal foundation and that the issues alleged were illusory. A copy of this letter was sent to Judge Kean. An order dated January 31, 1991, was signed by Judge Kean denying Sweeney's request for a writ of habeas corpus. Judge Kean relied solely upon the "no-merit" letter from Sweeney's attorney in denying the application for a writ of habeas corpus. By letter dated February 5, 1991, Judge Kean advised Sweeney that his request for a writ of habeas corpus or a hearing upon the application was denied and enclosed a copy of his order.

On February 28, 1991, Judge Kean issued a limited certificate of probable cause. On March 8, 1991, Judge Kean issued an amended order denying Sweeney's request for habeas corpus stating that the request was denied without a hearing. Sweeney, with new court appointed counsel, now appeals Judge Kean's denial of his application for a writ of habeas corpus.

The issue in this case is whether or not the trial court committed error in denying Sweeney's application for a writ of habeas corpus based solely upon his attorney's "no-merit" letter. We feel the answer is yes.

Pursuant to statute an application for habeas corpus relief involves two separate determinations. The first determination is whether a writ of habeas corpus should be awarded. The second determination is whether the application has merit.

SDCL 21–27–5 provides:

The court or judge to whom the application for a writ of habeas corpus is made, *shall forthwith award the writ, unless it shall appear from the application itself or from any document annexed thereto,* that the applicant can neither be discharged nor admitted to bail, nor in any other manner relieved. (emphasis supplied).

If the court determines that the writ should not be granted then this is an appealable issue pursuant to SDCL 21–27–18.1. If the court decides that the writ should be granted then the state files its return pursuant to SDCL 21–27–9.3 and the court sets a time for hearing and disposition pursuant to SDCL 21–27–12 and 21–27–14. This is when the court considers the merits of the application.

When determining the merits of the application, the granting of a hearing is not mandatory. In *Clothier v. Solem,* 444 N.W.2d 384, 385 (S.D.1989) this court provided: "the rule is well established that the right to a hearing on an application for a writ of habeas corpus arises only if the application sets forth facts which, if true, would entitle the applicant to relief. [citations omitted]. A full evidentiary hearing is unwarranted where no substantial factual issues exist." Further, habeas corpus is a civil proceeding and subject to a motion for summary judgment. *Reutter v. Meierhenry,* 405 N.W.2d 627 (S.D.1987).

In this case the denial of Sweeney's application for a writ of habeas corpus was erroneously based. The refusal to award the writ must be based on the judge's examination of the application itself or from any document annexed thereto. It cannot be based on a "no merit" letter because this goes to the merits of the application and not to whether the application is deficient on its face.

Regarding the "no-merit" letter, a procedure should be settled upon. In *Anders v. California,* 386 U.S. 738, 744–745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498–99 (1967), the United States Supreme Court sought out a procedure to be followed when an attorney appointed to represent an indigent defendant on direct appeals finds a case wholly frivolous. The United States Supreme Court provided as follows:

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.

As stated, *Anders* dealt with a direct appeal, not habeas corpus actions. In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) the United States Supreme Court addressed whether *Anders* is applicable to writs of habeas corpus or post-conviction proceedings. The United States Supreme court held that the requirements prescribed in *Anders* with which an attorney must meet to withdraw from representing an indigent defendant on a direct appeal, have no application to a post-conviction proceeding. In *Finley*, the defendant was convicted of second degree murder. The Pennsylvania Supreme Court affirmed the conviction on appeal. In a subsequent post-conviction proceeding, the state court appointed counsel as required by state law. Counsel reviewed the trial record and consulted with the defendant. Counsel concluded that there were no arguable basis for collateral relief. Accordingly, counsel advised the trial court in writing of his conclusion and requested permission to withdraw. The trial court conducted an independent review of the record and agreed that there were no issues even arguably meritorious. The court thus dismissed the petition for post-conviction relief. The defendant acquired new appointed counsel and pursued an appeal to the superior court. That court concluded that the conduct of the counsel in the trial court post-conviction proceedings violated the defendant's constitutional rights, relying on *Anders v. California, supra.* The United States Supreme Court reversed stating that prisoners have no constitutional right to counsel when mounting collateral attacks upon their convictions. Neither does the presence of a state created right to counsel for habeas corpus create a constitutional right. Since the defendant had no constitu-

tional right to counsel she could not be deprived of effective assistance of counsel. Further, that the defendant had received exactly that which she is entitled to receive under state law—an independent review of the record by competent counsel—she cannot claim any deprivation without due process.

The United States Supreme Court also provided:

> At bottom, the decision below rests on a premise that we are unwilling to accept—that when a State chooses to offer help to those seeking relief from convictions, the Federal Constitution dictates the exact form such assistance must assume. On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review.

*Pennsylvania v. Finley*, 481 U.S. at 559, 107 S.Ct. at 1995, 95 L.Ed.2d at 548.

■ We feel that South Dakota should provide more protection than afforded in *Finley*. We have authorized writs of habeas corpus by statute, SDCL ch. 21–27, and by our own constitution, Art. V, § V and Art. VI, § VIII. Our statutes authorize court appointed counsel, SDCL 21–27–4. Further, our statutes provide for withdrawal of counsel if the proceedings are deemed frivolous or without merit. SDCL 16–18–31; SDCL 16–18, Appx. Rule 1.16; SDCL 16–18, Appx. Rule 3.1.

We feel that due process and fairness dictate that the procedures as set out in *Anders* regarding direct appeals should be the same as habeas corpus proceedings.

Therefore, the *Anders* procedure should be followed when counsel feels "no-merit" in the application for habeas corpus relief and regarding the second determination by the court on the merits of the application.

Therefore, we reverse and remand the case for the following determinations: First of all whether a writ of habeas corpus should be awarded; and if a writ is awarded, then a determination of whether a hearing is necessary; and if so, to proceed accordingly.

MILLER, C.J., and SABERS and AMUNDSON, JJ., concur.

HENDERSON, J., specially concurring.

MARTIN, Circuit Judge, for WUEST, J., disqualified.

HENDERSON, Justice (specially concurring).

There was no evidence produced—and there is nothing in the record reflecting the basis for Judge Kean's finding "... that there are no issues of merit upon which to base a hearing for a writ of habeas corpus." The "Order Denying Petitioner's Request for Habeas Corpus" is based solely upon "Pursuant to the letter of petitioner's counsel" the "request" is "DENIED in all respects."

Post conviction counsel sat on this case for 2½ years and then wrote a "no-merit" letter to Judge Kean. During this 2½ year hiatus, there was no action taken by the judiciary of this state, nor post conviction counsel, to hold a hearing on the writ of habeas corpus.

During this 2½ year period, appointed counsel, who ended up arguing against his client's position, should have notified his client to (1) proceed pro se or (2) secure different counsel. *Evitts v. Lucey*, 469 U.S. 387, 400, 105 S.Ct. 830, 838, 83 L.Ed.2d 821 (1985); *Ross v. Moffitt*, 417 U.S. 600, 609, 94 S.Ct. 2437, 2443, 41 L.Ed.2d 341 (1974); and *Suggs v. United States*, 129 U.S.App.D.C. 133, 136, 391 F.2d 971, 974 (1968). It only makes common sense.

Finally, petitioner alleges, and there is no refutation of same, that during this 2½ year period, post conviction counsel talked to his client for a period of approximately 10 minutes. I cannot sustain such procedure. It is fundamentally unfair and hence violates due process, namely a meaningful opportunity to be heard in a meaningful manner. *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).