2005 SD 23

**Troy HAASE, Petitioner and Appellant,**

v.

**Douglas WEBER, Warden of the South Dakota State Penitentiary, Respondent and Appellee.**

No. 23190.

Supreme Court of South Dakota.

Argued Oct. 5, 2004.

Decided Feb. 16, 2005.

Rehearing Denied March 23, 2005.

Steve Miller, Sioux Falls, South Dakota, Attorney for petitioner and appellant.

Lawrence E. Long, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, South Dakota, Attorneys for respondent and appellee.

MEIERHENRY, Justice.

[¶ 1.] Haase made his third application for a writ of habeas corpus concerning his 1988 conviction for kidnapping and rape. This application was dismissed by the trial court on procedural grounds. Haase appeals.

**FACTS**

[¶ 2.] Haase was convicted of kidnapping and rape in 1988. The conviction was affirmed by this Court on direct appeal. *State v. Haase,* 446 N.W.2d 62 (S.D.1989).

In 1991 Haase filed his first application for a writ of habeas corpus raising numerous issues, including ineffective assistance of trial and appellate counsel. His court appointed attorney reviewed the application and relevant records. After her review, she wrote a letter to the judge stating that no viable or colorable habeas corpus claims existed and there was no basis for a hearing. Subsequent to receiving the letter, the circuit court denied the writ stating: "That based upon the investigation of *petitioner's attorney* there are no issues, factual or legal, which require that this court schedule and hold a hearing upon the petitioner's allegations." (Emphasis added.) Haase's certificate of probable cause was also denied by both the circuit court and this Court.

■ [¶ 3.] Seven years after Haase's first habeas application was denied, Haase filed a second habeas application. His initial pro se application asserted the same grounds as his first habeas application in addition to a new ground concerning the *Reiman/Curtis* test.[1] An amended application dropped the grounds that were presented in the first habeas application and asserted only the new *Reiman/Curtis* issue. The amended application was denied on two procedural grounds: first, because of prejudice to the state because it was filed more than five years after the judgment; and second, because Haase failed to prove reasonable cause for not raising the *Reiman/Curtis* issue in his first habeas application. *See* SDCL 21–27–3.2; SDCL 21–27–16.1. Denial on these procedural grounds resulted in Haase still not having

had a judge review the merits of any of his habeas issues.

[¶ 4.] The appeal now before us involves Haase's third application for writ of habeas corpus. His only asserted ground for relief in this third habeas application is ineffective assistance of his second habeas counsel. Haase alleges his attorney was ineffective because he failed to appeal the denial of his second habeas petition within the required time. Consequently, he has been procedurally barred from state appellate review. Further, he has been procedurally barred from filing a federal habeas petition because he did not appeal in state court. In an effort to overcome these procedural bars, Haase's current habeas application seeks a new opportunity to appeal the denial of his second habeas application.

## DECISION

■ [¶ 5.] The propriety of this third habeas and the remedy it seeks is clearly questionable. We have often explained that habeas is a "collateral attack on a final judgment." *Knecht v. Weber*, 2002 SD 21, ¶ 4, 640 N.W.2d 491, 494 (citations and quotations omitted). This habeas makes no collateral attack on the final criminal trial judgment. However, the facts of this case present a unique and troubling situation. No judge has ever made an independent review of any of Haase's grounds for habeas relief. Haase has suffered this fundamental injustice through no fault of his own but, rather, through the mistakes of prior counsel and courts. Now, as a result of various proce-

---

1. The *Reiman/Curtis* test pertains to situations where a kidnapping occurs in conjunction with another crime. *State v. Curtis*, 298 N.W.2d 807 (S.D.1980); *State v. Reiman*, 284 N.W.2d 860 (S.D.1979). In *Reiman* we stated: "We find it unreasonable to sustain a conviction for kidnapping which is unsupported by evidence aside from the acts incidental only to another crime." *Id.* at 873.

"[U]nder *Reiman* a kidnapping can be charged when 1) the kidnapping is not an essential element of some other clearly identified crime and 2) the victim is exposed to an increased risk of harm because of the kidnapping." *State v. Running Bird*, 2002 SD 86, ¶ 23, 649 N.W.2d 609, 614 (citations and quotations omitted).

dural barriers, it is unlikely that his habeas grounds could ever be reviewed by a judge on their merits. Therefore, under the unique facts of this case, we believe it is in the best interests of justice and judicial efficiency to remand this case back to the trial court in order for the court to proceed directly to the merits of Haase's habeas claims, thereby providing Haase with a judicial determination of the merits of his claims and circumventing the procedural purgatory within which Haase now finds himself. *Cf. People v. Gaines*, 105 Ill.2d 79, 85 Ill.Dec. 269, 473 N.E.2d 868, 875 (1984) ("The strict application of the doctrine of res judicata may be relaxed, however, where fundamental fairness so requires.") (citations and quotations omitted). Therefore, we remand to the trial court for a new hearing and instruct it to consider any and all of Haase's asserted grounds for habeas relief on their merits.

[¶ 6.] SABERS and KONENKAMP, Justices, concur.

[¶ 7.] GILBERTSON, Chief Justice, and ZINTER, Justice, dissent.

GILBERTSON, Chief Justice (dissenting).

[¶ 8.] The Court ascertains the only issue in this "third habeas is ineffective assistance of his second habeas counsel." A habeas corpus proceeding is a civil action which exists solely under statutes passed by our legislature. Based on my dissent in *Jackson v. Weber*, 2001 SD 30, 2001 SD 136, 637 N.W.2d 19, I would affirm the trial court herein. There is no statutory basis, decades after the fact, to retroactively incorporate the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard into our habeas corpus statutes. *Jackson*, 2001 SD 30, ¶ 29, 637 N.W.2d at 25–26 (citing *Krebs v. Weber*, 2000 SD 40, ¶ 7–9, 608 N.W.2d 322, 324–5).

[¶ 9.] The South Dakota habeas corpus remedy extends only as far as the language used by our legislature allows. *Cowell v. Leapley*, 458 N.W.2d 514, 517 (S.D. 1990). SDCL 21–27–4 requires the appointment of counsel for indigent persons seeking habeas relief.[2] Under SDCL 23A–40–1 to –20, counties are required to provide counsel to indigent defendants by establishing a public defenders office, maintaining a systematic court appointed process using licensed attorneys, or contracting for such services with attorneys licensed to practice law in South Dakota.[3]

[¶ 10.] The majority of states that provide court appointed counsel for indigent

---

**2.** SDCL 21–27–4 provides:

> If a person has been committed, detained, imprisoned, or restrained of his liberty, under any color or pretense whatever, civil or criminal, and if upon application made in good faith to the court or judge thereof, having jurisdiction, for a writ of habeas corpus, it is satisfactorily shown that the person is without means to prosecute the proceeding, the court or judge shall appoint counsel for the indigent person pursuant to chapter 23A–40. Such counsel fees or expenses shall be a charge against and be paid by the county from which the person was committed, or for which the person is held as determined by the court. Payment of all such fees or expenses shall be made

only upon written order of the court or judge issuing the writ.

**3.** SDCL 23A–40–7 provides in relevant part:

> The board of county commissioners of each county and the governing body of any municipality shall provide for the representation of indigent persons described in § 23A–40–6. They shall provide this representation by any or all of the following:
> (1) Establishing and maintaining an office of a public defender;
> (2) Arranging with the courts in the county to appoint attorneys on an equitable basis through a systematic, coordinated plan; or
> (3) Contracting with any attorney licensed to practice law in this state.

defendants on habeas review have held that *Strickland* standards do not apply to counsel on habeas. For example, Texas courts have held that competency is judged by the statutory standards within the habeas and criminal statutory schemes, rather than by the higher standard required for trial and appellate counsel under *Strickland.* Ex parte Graves, 70 S.W.3d 103, 114 (Tex.Crim.App.2002). The Texas habeas statutory scheme requires the appointment of "competent counsel" for defendants in death penalty cases. Tex Crim Proc Code Ann 11.071 § 2(a) (2004). However, Texas courts have defined the term "competent" from within the statutory scheme itself, rather than grafting on the *Strickland* requirements. *Graves,* 70 S.W.3d at 114. That court held that the statutory scheme requires competency at the time of appointment and throughout the representation as judged by the counsel's qualifications, experience and abilities. *Id.* That court held that if it grafted the *Strickland* standard onto the Texas habeas corpus scheme, it would be overriding the clear and unambiguous language of the legislature, and guaranteeing an endless and repetitious supply of resurrected writs that had previously been denied. *Id.* at 115. *See also Baum v. State,* 533 N.E.2d 1200, 1201 (In. 1989) (adopting the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, nothing requires judging his performance by the rigorous standard set forth in *Strickland* ).

[¶ 11.] We now find ourselves among only a handful of states that apply *Strickland* standards to the performance of counsel in habeas review, three of which have found some textual justification with-

in their respective statutory schemes or constitutions. *See Grinols v. State,* 10 P.3d 600, 604 (Alaska Ct.App.2000); In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 748 (Ca.1993); *Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955, 957 (Id.1981). The remaining few, including South Dakota, rely on the "matter of common sense" approach without regard to their respective statutory schemes, or merely graft on the *Strickland* standard in the interest of justice. *State v. Rue,* 175 N.J. 1, 811 A.2d 425 (N.J.2002); *Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420 (1998); *State v. Flansburg,* 345 Md. 694, 694 A.2d 462 (1997); *Dunbar v. State,* 515 N.W.2d 12 (IA1994); *Lozada v. Warden,* 223 Conn. 834, 613 A.2d 818 (1992).

[¶ 12.] The legislature has clearly stated that admission to the South Dakota bar is what is required for competency on habeas review. The legislature obviously intended that the competency of habeas counsel be established at the appointment stage, rather than examining counsel's final product of representation after the fact. It is not the role of this Court to supplant its own definition of competency in light of the plain and unambiguous language in SDCL 23A–40–7.

ZINTER, Justice (dissenting).

[¶ 13.] I disagree with the Court's remedy that sets aside all statutory requirements of the Habeas Corpus Act and permits Haase to proceed with all substantive claims he asserts for habeas relief. Under *Jackson v. Weber,* 2001 SD 136, 637 N.W.2d 19, Haase's remedy is limited to pursuing an appeal of Habeas # 2 if he can establish ineffective assistance of counsel in that proceeding. However, Haase failed to establish entitlement to even that limited remedy because he failed to show prej-

In those counties which have established an office of public defender, any proceedings

after judgment may be assigned to the public defender.

udice[4] from attorney Thompson's failure to appeal (a showing that Haase would have succeeded on appeal of Habeas # 2). Because Haase failed to meet the requirements for habeas corpus relief, I would affirm the trial court's judgment dismissing this proceeding (Habeas # 3).

## I.

[¶ 14.] Initially, I part company with the Court's decision to summarily remand and allow Haase to proceed with "all of [his] asserted grounds for habeas relief on their merits" simply because this Court believes that Haase is in "procedural purgatory." *Supra* ¶ 5. By fashioning a remedy that allows Haase to "circumvent" all procedural requirements, the Court has judicially abrogated important statutory requirements of the Habeas Corpus Act.[5] In my view, this disposition is unprecedented.[6] It also provides Haase with a

---

**4.** *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Haase points out that this proceeding involves an ineffective assistance of counsel claim arising from the failure to appeal the judgment in Habeas # 2. He further points out that under *Loop v. Solem,* 398 N.W.2d 140, 142 (S.D.1986), the failure to appeal involves the type of error that does not normally require a showing of prejudice. Although *Loop* did eliminate that requirement in *direct* appeals from the underlying trial, this case involves a failure to appeal from a *collateral attack;* i.e., Haase's second petition for habeas corpus. Under these circumstances, *Loop* did not eliminate Haase's obligation to establish prejudice from the failure to appeal the judgment denying relief in Habeas # 2. *Loop* did not so hold, and prejudice remains a requirement in successive habeas corpus proceedings alleging ineffective assistance of counsel. *See infra* ¶ 22.

**5.** The following statutes have been abrogated.

SDCL 21–27–3.2:
An application under this chapter may be dismissed if it appears that the state or the applicant's custodian has been prejudiced in its ability to respond to the application by delay in its filing, unless the applicant shows that the application is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances causing the prejudice occurred. It shall be presumed that the state or the applicant's custodian has been prejudiced if the application is filed more than five years after signing, attestation and filing of the judg-

ment or order under which the applicant is held. This presumption is rebuttable pursuant to § 19–11–1.
SDCL 21–27–16.1:
All grounds for relief available to a petitioner under this chapter shall be raised in his original, supplemental or amended application. Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental, or amended application.
SDCL 21–27–5:
The court or judge to whom the application for a writ of habeas corpus is made, shall forthwith award the writ, unless it shall appear from the application itself or from any document annexed thereto, that the applicant can neither be discharged nor admitted to bail, nor in any other manner relieved.

**6.** The Court's only authority for its novel new procedure is *People v. Gaines,* 105 Ill.2d 79, 85 Ill.Dec. 269, 473 N.E.2d 868, 875 (1984). However, *Gaines* did not adopt such a rule. *Gaines* merely stated that if fundamental fairness requires, *res judicata* will not be used to bar litigation of claims on habeas review that could have been raised on direct appeal. However, such a rule is inapplicable in this jurisdiction because our Legislature, by the enactment of SDCL 21–27–16.1, has specifically required that the doctrine of *res judicata* be applied in habeas proceedings. *See supra,* n. 5.

remedy that he acknowledges he is not entitled to.

[¶ 15.] Haase does not seek this remedy. In fact, he acknowledges that he may not ignore the procedural statutes in the Habeas Corpus Act. In his reply brief, Haase candidly concedes that his only remedy and the only thing he is seeking in this, his third successive habeas corpus action, is "the right, because of ineffective assistance of counsel, to seek appellate review of the adverse procedural ruling in Habeas # 2" (dismissed on the procedural grounds of "undue delay" and the failure to establish "cause and prejudice"). Haase further acknowledges that if the statutory, procedural barriers are left intact or are affirmed on appeal, it "will prevent [his] substantive claims (in Habeas # 1 and Habeas # 2 [and trial]) from ever being reached, by any court, anywhere." Nevertheless, Haase concedes that he may not have what this Court has ordered: that is, the ability to skip all procedural requirements of the Habeas Corpus Act and proceed directly to the merits of any alleged error. He states:

> Haase does not seek the right to have a new habeas trial court re-decide the same issues [that were considered in Habeas # 1 and # 2]. Rather, Haase has always recognized the obvious—those issues are dead in the water unless he can win the right to seek an appeal of that earlier loss [in Habeas # 2]. That is the only remedy remaining for Haase.

Thus, as Haase himself concedes, should he prevail in this habeas proceeding, his sole remedy is the right to seek appellate review of Habeas # 2.

[¶ 16.] Haase's concessions are in accord with this Court's precedent. In *Loop v. Solem*, 398 N.W.2d 140, 143 (S.D.1986), this Court held that when the "claim is one of general, overall ineffectiveness that pervaded the entire appeal, the appropriate remedy would be to grant the defendant a new appeal." (citation omitted). Because this is Haase's sole remedy, I cannot agree with the Court's overly broad disposition. We should not forget that under the Court's newly announced remedy, any time a future habeas petitioner alleges "procedural purgatory," he may now, in a second, third, or further successive petition, ignore all procedural statutes and proceed directly to the merits of any alleged error. This result cannot be reconciled with our duty to apply statutory restrictions, whether procedural or substantive, that the Legislature has enacted for habeas corpus relief.

## II.

[¶ 17.] In addition to my disagreement with the Court's willingness to abrogate statutory requirements, I also believe that the trial court's dismissal of this third habeas proceeding should be affirmed. Even assuming that Thompson's failure to appeal Habeas # 2 constituted ineffective assistance of counsel, Haase failed to establish prejudice from that failure. As Judge Lieberman specifically noted, Haase did not demonstrate prejudice from Thompson's representation in the second habeas action because Haase did not show that the appeal would have been successful.

---

More importantly, because *Gaines* only eliminated use of the doctrine of *res judicata*, *Gaines* is no authority for the proposition that all other procedural requirements of the Habeas Corpus Act may be ignored. Thus, SDCL 21–27–3.2, requiring the dismissal of stale claims, would remain in effect even if the *Gaines* case were applied. Ultimately, the

doctrine of *res judicata* is one thing, but sua sponte setting aside all other statutory requirements any time a court perceives them to be unfair is an abdication of our duty to apply legislative enactments. It also exceeds our limited constitutional authority to interpret legislative enactments in accordance with the Constitution.

[¶ 18.] Haase concedes that generally, prejudice is required to be shown. In *Loop*, this Court stated that "[b]efore a defendant succeeds on an ineffective assistance of counsel claim, he must *normally* fulfill the two-fold test stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Id.* at 142 (emphasis in original). That test requires a showing of both ineffective assistance of counsel and prejudice. *Id.*

[¶ 19.] The requirement of prejudice means that to prevail in this proceeding, Haase must normally establish that he would have succeeded at all previous habeas proceedings, including the original trial. As this Court stated in *Jackson*, "ineffective assistance of counsel at a prior habeas proceeding is not alone enough for relief in a later habeas action. Any new effort must eventually[7] be directed to error in the original trial or plea of guilty." 2001 SD 136, 17, 637 N.W.2d at 23.

[¶ 20.] However, Haase relies on a *Loop* exception that applies in cases, like Habeas # 2, where there has been a failure to take an appeal. *Loop* recognized that a failure to appeal is an "[a]ctual or constructive denial of the assistance of counsel altogether [and] is legally presumed to result in prejudice." 398 N.W.2d at 142. Consequently, if applicable, this presumption negates the need for a habeas corpus petitioner to make a preliminary showing that he was prejudiced as a result of his ineffective assistance of counsel. *Id.* Haase relies upon this exception, arguing

that he was entitled to proceed through Habeas # 3 without the usual requirement of showing prejudice from the failure to appeal Habeas # 2.

[¶ 21.] However, Haase's reliance upon the *Loop* exception is misplaced. *Loop* involved a failure to effectively prosecute a *direct* appeal following trial. Unlike *Loop*, this case involves an attorney's failure to appeal from a second successive collateral attack upon the original trial judgment. This distinction is important for two reasons. First, the scope of review is limited in habeas proceedings. "The scope of review is limited in a state habeas corpus proceeding because the remedy is in the nature of a collateral attack upon a final judgment." *Gregory v. Solem*, 449 N.W.2d 827, 829 (S.D.1989) (citation omitted).

[¶ 22.] Second, it must be remembered that *Loop* expressly indicated that the presumed prejudice exception was only necessary in "certain" cases where the likelihood of prejudice was so high that inquiry into the issue of prejudice was not worth the cost. *Loop*, 398 N.W.2d at 142.

> In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.... Prejudice in these circumstances is so likely that case by case inquiry into prejudice is not worth the cost.

*Id.* (citing *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696). However, successive habeas corpus actions are

---

**7.** In his brief, and at oral argument, Haase has justified his decision to initially delay his showing of prejudice from Habeas # 1 and the trial on the ground that it would conserve judicial resources. Haase concedes that he may not even get to those proceedings until he establishes the right to appeal Habeas # 2. Considering the procedural posture of this case, I agree that it was appropriate to conserve judicial resources until the right to appeal Habeas # 2 was established in this proceeding. Therefore, while it was appropriate for Haase to withhold a showing of prejudice from Habeas # 1 and the trial in Habeas # 3, Haase was required to show, at the very least, that he was prejudiced in Habeas # 2 (the most recent proceeding in which he alleged he received ineffective assistance of counsel). *See infra* ¶ 22.

not the type of proceeding that warrant such a presumption of prejudice. They are not because habeas corpus is not a constitutional requirement. *See Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8thCir.1990). More importantly, although it makes sense to afford a presumption of prejudice in failing to take a direct appeal, the need for such a presumption is significantly diminished when a habeas petitioner has already had the opportunity for judicial review at trial and on direct appeal. Finally, while the complete denial of counsel in a direct appeal makes prejudice "so likely that case by case inquiry into prejudice is not worth the cost," *Loop*, 398 N.W.2d at 142, that likelihood has certainly disappeared by the time a petitioner is prosecuting his third successive collateral attack. For example, in this case, three circuit judges and five Supreme Court Justices have reviewed this case on five prior occasions. Therefore, one cannot say that the presumption of prejudice remains so likely that a case by case review for prejudice is still not worth the cost. Rather, because this is Haase's third successive collateral attack, the usual *Strickland* requirement of prejudice should be retained.

[¶ 23.] "On habeas review, the petitioner has the initial burden of proof." *Jackson*, 2001 SD 136, ¶ 9, 637 N.W.2d at 22. Here, Judge Lieberman noted that Haase failed to meet his burden of showing of prejudice because he failed to establish that he would have succeeded had Attorney Thompson perfected an appeal in Habeas # 2. Because there is no dispute that Haase failed to meet that burden of establishing prejudice from the alleged ineffective assistance of counsel in Habeas # 2, the trial court's dismissal of Habeas # 3 should be affirmed.