**Harold GLIDDEN**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

March 19, 1973.

Joseph T. Walsh, Jr., Bangor, for plaintiff.

Charles R. Larouche, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, and WERNICK, JJ.

WEBBER, Justice.

This is the first occasion we have had to interpret the appeal provisions contained in 14 M.R.S.A., Sec. 5508 as amended by P.L.1971, Ch. 342, Sec. 2 effective September 23, 1971. The amendment provides a petitioner for the writ of habeas corpus with a limited right to appellate review of an adverse decision. The limitation is imposed in these terms:

"An appeal by the petitioner may not proceed unless the law court issues a certificate of probable cause. The filing of the notice of appeal shall be deemed to constitute a request for such a certificate."

In the instant case this Court on perusal of the record identified but one issue which it deemed to have sufficient merit to warrant full review. Accordingly, by our order filed July 7, 1972 we issued the requi-

site certificate of probable cause but expressly limited review to a single issue, "the issue of Petitioner's status as a person paroled to placement."[1] The appellant now challenges the right of this Court to so limit issues for review, thus denying him the opportunity to brief and argue other points which he deems meritorious.

In enacting the amendment to Sec. 5508 the Legislature was obviously aware of the burden imposed upon the Law Court by the great volume of frivolous appeals in post conviction relief proceedings. The purpose and intent of the amendment were to eliminate such appeals and thus reduce an appellate case load which was growing increasingly and unnecessarily burdensome. It is apparent that this legislative purpose would be completely frustrated and negated if by issuing a certificate in order to permit consideration of one issue meriting review, the Law Court were obliged to open the door to review of several other issues patently frivolous on their face. We interpret the statute in such manner as to carry out its beneficent purpose and intent, that is, to expedite appellate review and aid the judicial process. We accordingly hold that the certificate of probable cause may be so employed by the Law Court as to eliminate the necessity of considering and deciding issues deemed frivolous and devoid of any probable merit. This may properly be accomplished either by (a) declining to issue a certificate of probable cause, or (b) issuing a certificate which expressly identifies the issues to be briefed and argued for full review.

The appellant next contends that the limited appeal provisions contained in the amendment to Sec. 5508 should have no application in his case since his petition for the writ was filed September 20, 1971 and the amendment became effective on September 23, 1971. In short, the appellant asserts that he should have the benefit of the unlimited appellate review which existed prior to September 23, 1971.

"Our Court recognizes that the right of appeal is not a constitutional nor a common law right, but a statutory one." Harrington v. Harrington (1970–Me.) 269 A.2d 310, 314; Sears, Roebuck & Co. v. City of Portland (1949) 144 Me. 250, 68 A.2d 12. The general rule applicable here was well stated in 4 C.J.S. Appeal and Error § 3, p. 68 in these terms:

"A statute affecting review ordinarily applies to cases commenced before, but in which the judgment, decree, or order is rendered after, it goes into effect, unless such statute, by its terms, is inapplicable to pending cases."

Such was the understanding of the Minnesota Court governing decision in Ginsberg v. Williams (1965) 270 Minn. 474, 135 N.W.2d 213. A similar result has been reached when a statute affecting appeal has been changed after an appeal had been taken but before decision by the reviewing court thereon. United States v. Hammond (1938) 5 Cir., 99 F.2d 557; Hartmann v. Sloan (1938) 3 Cir., 99 F.2d 942. Where the appeal right was *enlarged* after the appeal was filed, the Court applied the same principle by reverse application of the rule in Congress of Racial Equality v. Town of Clinton (1964) 5 Cir., 346 F.2d 911, 914. With respect to the nature of statutes regulating appeals that Court said, "This Court, in In re Hurley Mercantile Company, 1932, 5 Cir. 56 F.2d 1023, 1025, adopted the view that '[s]tatutes regulating appeals are *remedial* and should have a liberal construction in furtherance of the right of appeal.' The fact that this change in the law deals with *procedure* rather than with *substance* brings it within the generally accepted idea that 'there is *no vested right* in any particular mode of procedural remedy.'" (Emphasis ours)

1. This is not the only instance in which the issues to be reviewed have been expressly limited by our certificate of probable cause.

So in the instant case when appellant sought to appeal from a judgment denying him post conviction relief, the method and scope of appellate review was governed by the amendment to Sec. 5508, then in effect, requiring issuance of a certificate of probable cause. The unlimited right of appeal was no longer available.

We turn now to the single issue designated for review by the certificate. At oral argument counsel agreed that appellant completed service of his sentence and was discharged therefrom in August, 1972. Since a legal problem involving parole to placement could have no effect upon appellant's conviction record and the Court is now powerless to grant any form of relief respecting the parole, the appeal must be dismissed as moot. See Bennett v. State (1972–Me.) 289 A.2d 28.

The entry will be

Appeal dismissed.

ARCHIBALD, J., did not sit.