1999 SD 138

**Mary LANGE, Applicant and Appellant,**

v.

**Douglas WEBER, Warden of South Dakota State Penitentiary, Appellee.**

No. 20821.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1999.

Decided Oct. 27, 1999.

Susan Kirkvold, Sioux Falls, for applicant and appellant.

Mark Barnett, Attorney General, Jeffrey P. Hallem, Assistant Attorney General, Pierre, for appellee.

MILLER, Chief Justice.

[¶ 1.] The habeas judge dismissed Mary Lange's application for writ of habeas corpus as frivolous. He then issued a certificate of probable cause in order to permit her to appeal. Because we hold that dismissing a habeas petition on the basis of frivolity is not reconcilable with the subsequent issuance of a certificate of probable cause, we reverse, strike the certificate of probable cause and remand to the trial court for reconsideration under the guidelines we now establish.

**FACTS**

[¶ 2.] Mary Lange, a/k/a Mary Disbrow or Mary Roggenkamp, was convicted in

April 1976 of arson and premeditated murder for the death of her one-year-old son in a house fire. She was given a life sentence for the murder charge and twenty years for arson. We affirmed the conviction on direct appeal. *State v. Disbrow*, 266 N.W.2d 246 (S.D.1978).

[¶ 3.] On February 7, 1980, Lange filed a petition for post-conviction relief in the Second Judicial Circuit. She raised various issues: Issues 1 and 2 concerned items seized from the house without a search warrant; Issue 3 alleged ineffective assistance of counsel as a result of a conflict of interest; Issue 4 claimed that she was mentally ill before, during, and after the trial, which prevented her from assisting in her defense and thereby denied her the right to effective assistance of counsel; and Issue 5 faulted the trial court and the prosecutor for not determining her alleged lack of mental capacity at the time of trial. A hearing was held on these issues in April 1980. On April 24, 1980, the trial court (Judge Heege) issued findings of fact, conclusions of law, and an order denying Lange's petition for post-conviction relief. No appeal was taken.

[¶ 4.] On February 8, 1983, Lange filed a second petition for post-conviction relief in the Second Judicial Circuit. The sole issue raised by Lange was ineffective assistance of counsel for failing to determine her mental competency at time of trial. In addition, Lange offered to present testimonial evidence to show that if she did commit the acts with which she was charged, she was mentally ill at the time because such acts were beyond the observations of the witnesses. The State responded to Lange's petition with a motion for summary judgment, claiming the issue of ineffective assistance of counsel for failing to determine Lange's competency at time of

trial had already been adequately raised and adjudicated in the first petition for post-conviction relief. Following a hearing on April 27, 1983, the trial court (Judge Heuerman) issued findings of fact and conclusions of law and an order granting State's motion for summary judgment. Lange did not appeal.

[¶ 5.] Also in 1983, Lange filed a petition for writ of habeas corpus in federal court, District of South Dakota, Southern Division .[1] The issues raised were substantially the same as those raised in Lange's 1980 state petition for post-conviction relief. Oral arguments were heard and briefs were submitted by both parties. On September 13, 1984, the federal district court issued a detailed memorandum opinion and order denying Lange's habeas claim. *Roggenkamp v. Solem*, No. Civ. 83–4081 (DSD, filed Sept. 13, 1984). Lange appealed that order. On May 28, 1985, the Eighth U.S. Circuit Court of Appeals affirmed in a per curiam decision. *Roggenkamp v. Solem*, 767 F.2d 928 (8th Cir.1985) (unpublished table decision).

[¶ 6.] Over twelve years later, on October 5, 1997, Lange filed the following note with the Second Judicial Circuit:

I believe my constitution [sic] rights were violated by not giving me a mental hearing before my trial. I had just got out of the state hospital a couple of weeks before my crime happened therefore I don't believe I was fit to stand trial.

Mary Lange 10–5–97

The court appointed Deputy Minnehaha County Public Defender Julie Hofer to pursue this claim. Approximately one year later, on October 6, 1998, Hofer (pursuant to *Sweeney v. Leapley*, 487 N.W.2d 617 (S.D.1992)) filed a motion to withdraw

1. Lange's brief does not mention the federal habeas application. It only describes an instance in 1981 when she filed a federal habeas action, but withdrew it shortly thereafter. There is no record of the federal habeas action in this appellate record. State appended a copy of the District Court's mem-

orandum opinion and order and the Eighth Circuit's per curiam decision and judgment affirming the District Court's order to its brief. State asks this Court to take judicial notice of the federal court records pursuant to SDCL ch 19–8. We do so.

as counsel along with a supporting brief. Hofer stated in her brief that she believed any application for writ of habeas corpus on the same issue would be frivolous. A hearing was held on October 6, 1998. The court (Judge Srstka) granted Hofer's motion to withdraw and dismissed Lange's application for writ of habeas corpus as meritless. The trial court then, pursuant to SDCL 21–27–18.1, issued a certificate of probable cause thus permitting Lange to appeal. The court did so *sua sponte* without application from Lange. Armed with that certificate of probable cause, Lange, through her new court-appointed attorney Susan Kirkvold, now appeals from the dismissal of her habeas application. She raises various issues which, because of our holding below, we do not address.

## DECISION

**Issuance of a certificate of probable cause is not reconcilable with the dismissal of a habeas corpus application on the basis of frivolity.**

■ [¶ 7.] Lange's court-appointed attorney, Julie Hofer, filed a motion to withdraw after reviewing the case and determining there were no legitimate issues from which to pursue a habeas corpus petition. In her supporting brief, as required under *Sweeney,* Hofer opined and asserted that any further habeas claim would be frivolous in that the issue Lange raised in her October 1997 note had previously been raised and adjudicated. Judge Srstka, upon reviewing all the records in the case, agreed. He granted Hofer's motion to withdraw and dismissed the application for habeas relief as meritless. The judge then went a step further, however, and *sua sponte* issued a certificate of probable cause, in essence holding that an appealable issue exists.

[¶ 8.] SDCL 21–27–18.1 states in relevant part:

A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists. A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered. The issuance or refusal to issue a certificate of probable cause is not appealable. However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within fifteen days of the entry of the circuit court judge's refusal.

[¶ 9.] The federal counterpart of SDCL 21–27–18.1, is contained at 28 U.S.C. § 2253 and Federal Rules of Appellate Procedure Rule 22. The federal system requires more specificity in issuing a certificate of probable cause. 28 U.S.C. § 2253(c)(1)(A) provides that unless a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a state habeas proceeding. In addition, a certificate may only issue if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finally, the certificate must indicate which specific issue or issues satisfy the showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3). Complementing 28 U.S.C. § 2253 is Rule 22(b)(1) of the Federal Rules of Appellate Procedure, which requires that when the petitioner appeals the denial of a habeas petition, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. Fed.R.App.P. 22(b)(1).

■ [¶ 10.] The obvious reason for requiring a certificate of probable cause is to create discretionary appellate review of habeas petitions. *Lynch v. Blodgett,* 999 F.2d 401, 403 (9thCir.1993). *See also Glidden v. State,* 301 A.2d 539, 540 (Me.1973) (the purpose of issuing a certificate of

probable cause is to eliminate the increasing volume of frivolous appeals in post-conviction relief proceedings). The Supreme Court in Barefoot v. Estelle stated, "Congress established the requirement that a prisoner obtain a certificate of probable cause to appeal in order to prevent frivolous appeals from delaying the States' ability to impose sentences ... The primary means of separating meritorious from frivolous appeals should be the decision to grant or withhold a certificate of probable cause." *Barefoot*, 463 U.S. 880, 892–93, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090, 1103–04 (1983) (footnote omitted).[2] It is apparent that this purpose "would be completely frustrated and negated if by issuing a certificate ... the [Court] were obliged to open the door to review [ ] issues [which are] patently frivolous on their face." *Glidden*, 301 A.2d at 540.

■ [¶ 11.] Given the purpose for issuing a certificate of probable cause, it is unclear exactly why the trial judge, after finding that Lange's habeas application was meritless and frivolous, would then find that an appealable issue exists and issue such a certificate. The two are incompatible. "Summary dismissal [of a habeas petition] followed by the grant of a certificate of probable cause is intrinsically contradictory." *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2dCir.1989). Deciding that a petition for habeas corpus does not even merit an answer amounts to finding it frivolous. *Id.* The resulting appeal to this Court only necessitates the consideration of issues already "deemed frivolous and devoid of any probable merit." *Glidden*, 301 A.2d at 540.

■ [¶ 12.] In order to stave off the increasing burden of frivolous appeals in post-conviction proceedings, we hereby adopt the standard followed in the federal court system. We interpret SDCL 21–27–18.1 to mean that if the trial court denies an application in a habeas claim, it must either issue a certificate of probable cause or state why a certificate should not issue. A specific showing of probable cause must be articulated on the certificate in order to confer jurisdiction upon this Court to review the denial of a habeas corpus petition. The certificate must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). In addition, the certificate must indicate which specific issue or issues satisfy the showing of the denial of a constitutional right.

[¶ 13.] Based upon the record in this case, it appears the trial court did not find any merit in Lange's habeas corpus petition. If there was no merit in Lange's habeas application, then issuance of a certificate of probable cause was an abuse of discretion. We therefore reverse and strike the certificate of probable cause. We remand this case to the trial court to consider this matter in accordance with the guidelines herein stated.

[¶ 14.] Reversed and remanded. ·

[¶ 15.] AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

[¶ 16.] SABERS, Justice, concurs specially.

SABERS, Justice (concurring specially).

[¶ 17.] I concur specially to point out that habeas corpus is not limited to violations of constitutional rights. Habeas corpus reaches jurisdictional error, constitutional error, all "causes" listed in SDCL 21–27–16(1) through (7) and other illegal detentions, including those resulting from failure to comply with "substantive statutory procedure." *Security Sav. Bank v. Mueller*, 308 N.W.2d 761, 762–63 (S.D. 1981); *O'Connor v. Leapley*, 488 N.W.2d 421, 425 (S.D.1992) (Sabers, J., concurring

---

**2.** At the time *Barefoot* was decided, 28 U.S.C. § 2253 was less specific about the requirements for a certificate of probable cause than it is today. Significant amendments were made to the statute in 1996, implementing stricter standards for the issuance of certificates of probable cause.

specially); *Petrilli v. Leapley,* 491 N.W.2d 79, 86 (S.D.1992) (Sabers, J., concurring specially); *Black v. Class,* 1997 SD 22, ¶ 34, 560 N.W.2d 544, 552 (Sabers, J., concurring specially); *Lykken v. Class,* 1997 SD 29, ¶ 34, 561 N.W.2d 302, 309 (Sabers, J., dissenting).