2004 SD 65

**DOUBLE DIAMOND CONSTRUC-TION, Plaintiff and Appellant,**

v.

**FARMERS COOPERATIVE ELEVA-TOR ASSOCIATION OF BERES-FORD, South Dakota a cooperative corporation; and Moller Construction, Inc., Defendants and Appellees.**

No. 22916.

Supreme Court of South Dakota.

Argued Feb. 18, 2004.

Decided May 12, 2004.

Chad W. Swenson of Swenson Law Firm, Sioux Falls, South Dakota, Attorneys for plaintiff and appellant.

Roger W. Damgaard and Daniel J. Harmelink of Sioux Falls, South Dakota, Attorneys for defendants and appellees.

TIMM, Circuit Judge.

[¶ 1.] Double Diamond Construction appeals from the circuit court's vacation of an arbitration award and subsequent judgment confirming an amended award. We affirm.

## BACKGROUND

[¶ 2.] In the spring of 1999, Farmers Cooperative Elevator Association of Beresford (Coop) agreed to purchase a pre-engineered grain storage facility from Moller Construction Company (Moller). The total contract price was $1,355,030, including the cost of construction. Moller subcontracted construction to Double Diamond Construction (Diamond) for $240,000, with a completion date of August 22. Diamond commenced construction in July, utilizing certain equipment leased from Jerke Construction Company (Jerke).

[¶ 3.] In the fall of 1999, with harvest underway and the storage facility unfinished, Coop began placing grain in the building. That prompted Diamond to cease work. Diamond informed Moller that the presence of grain in the facility would result in increased construction costs and created risks not covered by insurance. Diamond conditioned return to work upon Coop and Moller providing liability waivers. Moller responded that adequate insurance was the responsibility of the subcontractor and that there was no basis for additional compensation. Moller demanded that Diamond resume work immediately. Diamond refused. Moller then entered the job site and completed construction.

[¶ 4.] Shortly thereafter, Diamond and Jerke filed mechanic's liens. Diamond claimed it was owed $69,927. Jerke claimed it was owed $34,106.16. Both claims included money owed by Diamond to Jerke for leased equipment. Jerke accepted $29,126.61 from Coop to settle its claim and cancel its lien. In turn, Jerke assigned its claim against Diamond to Coop.

[¶ 5.] In February 2000 Diamond filed suit against Coop in the United States Federal District Court, District of South Dakota, Southern Division seeking, among other things, to foreclose its mechanic's lien. Coop answered and counterclaimed based on the Jerke assignment. Moller intervened and counterclaimed as well. Moller and Coop shared counsel, although each had initially retained their own. Pursuant to FRCP 26(a)(1)(c), which requires parties to disclose their computation of claimed damages together with documents on which the computation is based, on June 30, 2000, Coop and Moller disclosed: "Defendant, Farmers Cooperative Elevator is not pursuing any damage claim. Moller Construction Company is pursuing a damage claim." The disclosure was not filed. FRCP 5(d). In February 2001 Moller and Coop filed an amended counterclaim. The document included Coop's counterclaim based upon the Jerke assignment.

[¶ 6.] The case was transferred from the Southern Division in Sioux Falls to the Western Division in Rapid City. Rather than incurring the time and expense involved in litigating the matter in Rapid City, the parties agreed to settle their differences through binding arbitration and dismissed the federal suit.

[¶ 7.] The arbitration hearing took place on November 20 and 21, 2001. In

the course of the hearing, evidence was presented regarding the amount of money owed by Diamond for equipment leased from Jerke. In February 2002 the arbitration award was issued, accompanied by an arbitrator's memorandum and decision. Diamond was to receive $30,519 less $5,513 awarded to Moller on its counterclaim. Coop was awarded nothing. This explanation was given:

> It is noted that Defendant Elevator, in its post-hearing memorandum, requests an award of $29,126.61, plus prejudgment interest as it relates to the Jerke Construction claim assigned to it. The Plaintiff has admitted owing Jerke Construction a sum around $21,000, but denying the difference as claimed by Elevator....Defendant Elevator is on record as of June 30, 2000 (Rule 26(a)(1)Voluntary disclosures) as not making any damage claims against Plaintiff. Therefore, the present claim of elevator is denied in all respects.

Coop applied to the arbitrator to modify the award to include a decision on the merits of its claim against Diamond. The arbitrator declined. Coop then applied to the circuit court to vacate the arbitration award on two grounds. First Coop asserted the arbitrator had exceeded his authority and therefore under SDCL 21–25A–24(3) vacation was mandatory. Alternatively, Coop contended that the arbitrator committed a manifest disregard of the law.[1] The circuit court found that the arbitrator exceeded his authority and vacated the arbitration award to the extent it failed to address the merits of Coop's claim. The arbitrator was ordered to re-open proceedings for that purpose.

[¶ 8.] Before the arbitrator could re-open proceedings, Diamond sought appellate review of the circuit court's order vacating the initial arbitration award. That appeal was dismissed as premature. *Double Diamond Construction v. Farmers Cooperative Elevator Association of Beresford*, 2003 SD 9, 656 N.W.2d 744. The arbitrator subsequently determined that Coop was entitled to an award of the amount Diamond conceded it owed for leased equipment and issued an amended arbitration award. The circuit court confirmed the amended award. This appeal followed.

## ISSUE

[¶ 9.] **Whether the circuit court erred in vacating the arbitration award.**

[¶ 10.] Diamond's request that the circuit court's vacation of the initial arbitration award be reversed and that the award of nothing to Coop be reinstated rests on the proposition that the arbitrator acted within the scope of his authority when he determined that Coop's Rule 26(a) disclosure disposed of its claim for damages against Diamond. Whether an arbitrator acted within the scope of his authority, or, conversely, exceeded his powers, is a question of law, reviewed de novo, the resolution of which depends on the intention of the parties. The intention of the parties is determined by reference to the agreement or submission. 6 C.J.S. *Arbitration* § 69 (1975); *Azcon Construction Company, Inc., v. Golden Hills Resort, Inc.*, 498 N.W.2d 630 (S.D.1993); *Peska Construction Company, Inc. v. Portz Investment*, 2003 SD 136, 672 N.W.2d 483. In deciding whether an arbitrator has exceeded his power, the court need only examine the submission and the award to determine whether the award conforms to

---

1. South Dakota has not adopted the theory of a "manifest disregard of the law" as a ground for vacation of an arbitration award.

the submission. *Bic Pen Corp. v. Local No. 134*, 183 Conn. 579, 440 A.2d 774, 776 (1981).

[¶ 11.] The arbitration agreement referred this matter to the arbitrator and provided for his receipt of "the court file ..., all depositions and exhibits." Additionally, the agreement called for the parties to submit position papers in advance of the hearing. Coop's position paper included a section entitled: "Calculation of Damages Owed by DD to Elevator for Account Receivable Assigned by Jerke." In that section Coop claimed that Diamond owed $29,126.61 for equipment leased from Jerke. In Diamond's position paper, in a section labeled "Assignment Claim," no affirmative defenses were asserted; no reference to the Rule 26(a) disclosure was made. Rather, Diamond admitted Coop's claim to the extent of $21,000, but denied owing more.

[¶ 12.] The arbitrator's award of nothing to Coop based upon the Rule 26(a) disclosure did not conform to the submission. The parties, through their position papers, narrowed the issue regarding Coop's claim against Diamond. Clearly they intended that Coop be awarded no less than the amount conceded, the issue presented to the arbitrator being whether Diamond owed anything beyond that $21,000. Having failed to decide the issue submitted, the arbitrator exceeded his authority under SDCL 21–25A–24(3). When an arbitrator exceeds his authority, vacation of the award is mandatory. SDCL 21–25A–24(3); *Aamot v. Eneboe*, 352 N.W.2d 647, 649–50 (S.D.1984). The circuit court did not err in vacating the arbitrator's award.

[¶ 13.] Since we have decided this case based on the arbitrator exceeding his authority we need not address manifest disregard of the law.

[¶ 14.] Affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.

[¶ 16.] TIMM, Circuit Judge, for SABERS, Justice, disqualified.