#28201-dismiss-SRJ
**2018 S.D. 47**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MYRON and PAT STOEBNER,                    Plaintiffs and Appellants,

  v.

THOMAS KONRAD,                    Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
HUTCHINSON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE PATRICK T. SMITH
Judge

\* \* \* \*

JOEL A. ARENDS of
Sioux Falls, South Dakota                    Attorney for plaintiffs and
                                             appellants.


ROBERT THOMAS KONRAD of
Olinger, Lovald, McCahren,
   Van Camp, & Konrad, P.C.
Pierre, South Dakota                    Attorneys for defendant and
                                        appellant.

\* \* \* \*

                                        CONSIDERED ON BRIEFS
                                        APRIL 16, 2018
                                        OPINION FILED **06/20/18**

#28201

JENSEN, Justice

[¶1.] Myron and Pat Stoebner (the Stoebners) sued Thomas Konrad seeking a declaratory judgment and rescission of a contract for the sale of land and an incorporated lease. The Stoebners appeal the circuit court's order granting Konrad's motion to compel arbitration, dismissing the temporary injunction, and staying all proceedings until the parties engage in arbitration. Because no statutory authority exists to entertain the Stoebners' appeal as a matter of right, we dismiss for lack of appellate jurisdiction.

## Background

[¶2.] The Stoebners and Konrad executed a contract for the sale of several parcels of real property owned by the Stoebners.[1] A lease agreement that granted the Stoebners a lifetime interest in a certain subset of the parcels of land sold was attached and incorporated by reference into the sales contract. On February 14, 2017, the Stoebners filed a complaint against Konrad alleging that Konrad intended to lease 70 acres of land to a third party that would infringe on some of the property leased to the Stoebners. The Stoebners also alleged that the lease is facially invalid and executed under a mistake of law because agricultural land cannot be leased for a period of time exceeding 20 years pursuant to SDCL 43-32-2. As a result, the Stoebners claim they are entitled to rescission of both the lease and sales contract.

---

1. We recently upheld an order confirming an arbitration award that required the Stoebners to transfer certain parcels of land to Konrad under the same contract between the parties. *See Konrad v. Stoebner*, 2016 S.D. 77, 887 N.W.2d 327.

-1-

[¶3.]     The Stoebners also filed a motion for a temporary restraining order and a request for an order to show cause why a preliminary injunction should not be issued by the circuit court. On February 23, 2017, the circuit court issued the temporary restraining order against Konrad and a show cause order setting a hearing for preliminary injunction on February 27, 2017. On February 24, 2017, Konrad filed a demand for arbitration, a motion to stay all proceedings pending arbitration, and an objection to injunctive relief.

[¶4.]     At the hearing, the circuit court only considered the demand for arbitration, stating "it would seem logical, then, to take that question up first, as I believe it would be dispositive of other questions if arbitration were, in fact, ordered by this court." During the hearing, the circuit court heard arguments on the arbitration issue and determined that the Stoebners' claims were subject to arbitration. The request for a preliminary injunction was not argued or addressed by the circuit court at the hearing. The court entered an order on March 2, 2017, compelling arbitration on all the claims alleged in the Stoebners' complaint and the motion for injunctive relief; staying all proceedings until the parties have engaged in arbitration; and dismissing the "temporary injunction ordered in this case." [2]

---

2.     By statute, a temporary injunction may be either a temporary restraining order or a preliminary injunction. SDCL 21-8-1. The circuit court never issued a preliminary injunction or addressed the motion for preliminary injunction. Rather, it ordered the motion for preliminary injunction to be heard as part of the arbitration. Because the temporary restraining order was the only temporary injunction ordered in the case, we conclude the court's order dismissed the temporary restraining order.

We recently held that an order denying or dismissing a preliminary injunction is appealable, as a matter of right, under SDCL 15-26A-3(5). *See Hedlund v. River Bluff Estates*, LLC, 2018 S.D. 20, ¶ 13, 908 N.W.2d 766,

(continued . . .)

[¶5.] The Stoebners appeal the circuit court's order raising several issues for our review. Because all the issues raised are predicated on the circuit court's order compelling arbitration, we need only address whether that order is appealable as a matter of right under our statutes.[3]

## Analysis

[¶6.] Whether presented by the parties or not, we are required to take notice of jurisdictional questions. *Dale v. City of Sioux Falls*, 2003 S.D. 124, ¶ 6, 670 N.W.2d 892, 894. "This Court has only 'such appellate jurisdiction as may be provided by the Legislature.'" *State v. Stenstrom*, 2017 S.D. 61, ¶ 15, 902 N.W.2d 787, 791 (quoting S.D. Const. art. 5, § 5). "The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it." *State v. Schwaller*, 2006 S.D. 30, ¶ 5, 712 N.W.2d 869, 871 (quoting *Dale*, 2003 S.D. 124, ¶ 6, 670 N.W.2d at 894). "To determine whether the statutory grant of appellate jurisdiction has been met, the rules of statutory interpretation apply." *Cable v.*

---

(. . . continued)

771. However, an order dismissing a temporary restraining order is not an appealable order. *See Beers v. City of Watertown*, 42 S.D. 441, 447, 176 N.W. 149, 150 (1920) (declaring that a temporary restraining order "is merely to preserve the status quo until there can be a hearing upon the question of whether or not to grant an injunction—such order does not rise to the dignity of an injunction"). SDCL 15-6-65(b) also provides that "[t]emporary restraining orders by their very nature may not be appealed."

3. The Stoebners' brief asserts that this appeal is appropriately considered as an intermediate appeal under SDCL 15-26A-3(6), but the Stoebners failed to timely file a petition for intermediate appeal as required by SDCL 15-26A-13. As such, the Stoebners are limited in this instance to arguing that they have an appeal as a matter of right.

*Union Cty. Bd. of Cty. Commn'rs*, 2009 S.D. 59, ¶ 19, 769 N.W.2d 817, 825 (quoting *Johnson v. Lebert Const., Inc.*, 2007 S.D. 74, ¶ 4, 736 N.W.2d 878, 879).

[¶7.]        The Stoebners initially argue that SDCL 15-26A-3(2) provides a right of appeal from the order compelling arbitration.  SDCL 15-26A-3(2) provides that appeals may be taken from "[a]n order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."  While the Stoebners summarily claim that the order compelling arbitration affects a substantial right, they fail to address the remainder of the statute's text: "when such order in effect determines the action and prevents a judgment from which an appeal might be taken."  SDCL 15-26A-3(2).  The circuit court's order does not determine or resolve the merits of the Stoebners' claims regarding the sales contract or the lease agreement.  We have stated that "[t]o be final, a judgment must 'finally and completely adjudicate all of the issues of fact and law involved in the case.'"  *Midcom, Inc. v. Oehlerking*, 2006 S.D. 87, ¶ 11, 722 N.W.2d 722, 725 (quoting *Griffin v. Dwyer,* 88 S.D. 357, 358, 220 N.W.2d 1, 2 (1974)).  Moreover, SDCL 21-25A-35 affords a right of appeal from an order or judgment entered by the circuit court following the completion of the arbitration proceedings.

[¶8.]        Under the Federal Arbitration Act (FAA), the United States Supreme Court has similarly defined a final decision as one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."  *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86, 121 S. Ct. 513, 519, 148 L. Ed. 2d 373 (2000) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*,

511 U.S. 863, 867, 114 S. Ct. 1992, 1995, 128 L. Ed. 2d 842 (1994)). The Court in *Green Tree* held that an order compelling arbitration and dismissing all claims is considered final and appealable. *Id.* at 89, 121 S. Ct. at 521. Here, because the circuit court's order compelling arbitration did not address the merits of the claims and lacks finality, the Stoebners do not have an appeal as a matter of right from the order compelling arbitration under SDCL 15-26A-3(2).

[¶9.]    South Dakota's version of the Uniform Arbitration Act, found in SDCL chapter 21-25A, also fails to provide a right of appeal from the circuit court's order compelling arbitration. SDCL 21-25A-35 delineates when an appeal may be taken from court orders involving issues of arbitration:

> (1) An order denying an application to compel arbitration made under § 21-25A-5;
> (2) An order granting an application to stay arbitration made under § 21-25A-8;
> (3) An order confirming or denying confirmation of an award;
> (4) An order modifying or correcting an award;
> (5) An order vacating an award without directing a rehearing; or
> (6) A judgment or decree entered pursuant to the provision of this chapter.

Notably absent from the above list is the right to appeal from an order granting an application to compel arbitration.

[¶10.]    The plain language of SDCL 21-25A-35, being clear, certain and unambiguous, does not provide for a right of appeal from an order compelling arbitration. As such, "there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Larson v.*

*Krebs*, 2017 S.D. 39, ¶ 18, 898 N.W.2d 10, 17 (quoting *Rowley v. S.D. Bd. of Pardons & Paroles*, 2013 S.D. 6, ¶ 7, 826 N.W.2d 360, 363-64).[4]

[¶11.]    The Stoebners also cite *Nature's 10 Jewelers v. Gunderson*, 2002 S.D. 80, 648 N.W.2d 804, in support of their claim that they have an appeal of right from an order compelling arbitration. *Nature's 10* reversed a circuit court's order compelling arbitration determining that the franchise agreement, which included an arbitration clause, perpetrated a crime and was void under South Dakota law. 2002 S.D. 80, ¶¶ 12-13, 648 N.W.2d at 807. The Stoebners argue that like the situation in *Nature's 10*, the Court should consider their appeal because the arbitration clauses are contained in the sales contract and lease, which they allege are void. The Stoebners do not cite the companion case to *Nature's 10*: *Rossi Fine Jewelers, Inc. v. Gunderson*, 2002 S.D. 82, ¶ 4, 648 N.W.2d 812, 813, which was decided on the same day. In *Rossi*, this Court also affirmed an order compelling arbitration. 2002 S.D. 82, ¶ 13, 648 N.W.2d at 816-17. We note that *Nature's 10* and *Rossi* were both considered under the Federal Arbitration Act (FAA) found at 9 U.S.C. §§ 1-16 (2012). More importantly, the question of whether the Court had jurisdiction to consider an appeal as a matter of right from the order compelling arbitration was not raised or considered in either case.

---

4.    Other courts which have addressed the right of appeal from an order compelling arbitration under the Uniform Arbitration Act are divided. *See* Annotation, *Appealability of State Court's Order or Decree Compelling or Refusing to Compel Arbitration*, 6 A.L.R. 4th 652 (Originally published in 1981). These differing resolutions rest on the exclusivity of the state statutory language at issue or the finality of the order.

[¶12.] We only have "such appellate jurisdiction as may be provided by the Legislature[,]" S.D. Const. art. 5, § 5, and without such authority provided by statute to review an order compelling arbitration, we conclude that an interlocutory order as the one at hand is not appealable as a matter of right.[5] *See Dennis v. Jack Dennis Sports, Inc.*, 253 P.3d 495, 496 (Wyo. 2011) (interpreting language identical to SDCL 21-25A-35 and citing cases that support the court's conclusion that an order compelling arbitration is not appealable as a matter of right); *but see, e.g., Kremer v. Rural Cmty. Ins. Co.,* 788 N.W.2d 538, 549 (Neb. 2010) (holding under a statute differing from our own, that an order compelling arbitration is appealable as

---

5. The Stoebners' challenge does not go to the validity of the arbitration clause itself, which would have required the circuit court to summarily determine the issue under SDCL 21-25A-5. Because such a determination was not made in this case, it is unnecessary to consider whether a right of appeal exists under SDCL 15-26A-3(2) from such a summary determination.

   Severing the question of the validity of an arbitration clause under SDCL 21-25A-5 from other questions challenging the validity of a contract is consistent with SDCL 53-5-4, which provides for the severability of contracts. "A court may divide a contract into 'corresponding pairs of part performances,' and then enforce only those parts which do not 'materially advance the improper purpose' of the agreement." *Thunderstik Lodge, Inc. v. Reuer*, 2000 S.D. 84, ¶ 7, 613 N.W.2d 44, 46 (quoting E. Allan Farnsworth, *Contracts* § 5.8, at 381-82 (2d ed. 1990)).

   This approach under South Dakota's version of the Uniform Arbitration Act is consistent with the United States Supreme Court's reading of the FAA in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006). *Buckeye* held that "[f]irst, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." 546 U.S. at 445-46, 126 S. Ct. at 1209, 163 L. Ed. 2d 1038. This rule permits *"a court to enforce an arbitration agreement in a contract that the arbitrator later finds to be void." Id.* at 448, 126 S. Ct. at 1210 (emphasis added).

a final order under the Nebraska statute that defines a "final order" to include *any* "order affecting a substantial right made in a special proceeding").

[¶13.] Our decision dismissing this appeal is in harmony with the plain reading of the applicable appeal statutes and our case law favoring resolution of disputes by arbitration:

> This dismissal is in accord with the legislative dictate and the fact that "this Court has consistently favored the resolution of disputes by arbitration." . . . [T]his is consistent "with the sound policy, present throughout our system of jurisprudence as well as in the arbitration statute, of preserving judicial resources and limiting appeals prior to judgment to those instances where the element of finality is present." This is because if the action is allowed to proceed no appeal may be necessary. "Judicial economy demands that courts not provide time-consuming and perhaps unnecessary interlocutory appeals which delay the favored dispute-resolution process of arbitration."

*Double Diamond Constr. v. Farmers Coop. Elevator Ass'n of Beresford*, 2003 S.D. 9, ¶ 10, 656 N.W.2d 744, 747 (per curiam) (citations omitted).

[¶14.] Based on the foregoing, the circuit court's order compelling the Stoebners and Konrad to engage in arbitration is not an order appealable as a matter of right under either SDCL 15-26A-3(2) or SDCL 21-25A-35. Therefore, we dismiss the Stoebners' appeal.[6]

[¶15.] GILBERTSON, Chief Justice, and ZINTER and KERN, Justices, and SEVERSON, Retired Justice, concur.

---

6.  Konrad filed a motion to recover appellate attorney fees as the prevailing party under the terms of the contract. Because the claims have not been determined on the merits, any request for attorney's fees is premature.