#28686-dismiss-DG
**2019 S.D. 22**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

RUSSELL D. WRIGHT,                                    Petitioner and Appellant,

     v.

DARIN YOUNG AND/OR
BOB DOOLEY, WARDEN OF
SOUTH DAKOTA STATE PENITENTIARY,          Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
DAVISON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE PATRICK T. SMITH
Judge

* * * *

TAMARA D. LEE
Yankton, South Dakota                                Attorney for petitioner and
                                                     appellant.


MARTY J. JACKLEY
Attorney General

MATTHEW W. TEMPLAR
Assistant Attorney General
Pierre, South Dakota                                 Attorneys for respondent
                                                     and appellee.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 19, 2019
OPINION FILED **04/17/19**

#28686

GILBERTSON, Chief Justice

[¶1.] Russell D. Wright pleaded guilty to grand theft for his part in a group shoplifting scheme that took place in Mitchell. He was sentenced to five years in the state penitentiary. The court suspended the sentence and placed Wright on supervised probation for four years. When Wright was found to have violated the terms of his probation, he was forced to serve his five-year sentence with four years suspended and credit for time already served. Thereafter, Wright filed a petition for writ of habeas corpus, alleging that his rights to due process and effective assistance of counsel were violated. The habeas court held a trial, denied Wright's petition, and filed an order for issuance of certificate of probable cause. Wright appeals, asserting that the habeas court erred in quashing his writ of habeas corpus. We dismiss for lack of jurisdiction.

**Facts and Procedural History**

[¶2.] On April 11, 2016, Wright, Camille Cournoyer, John Abdo, Sr., and Jennifer Traversie traveled from Sioux Falls to Mitchell to carry out an extensive shoplifting plan. While in Mitchell, Cournoyer and Traversie stole items from Campbell's Supply, JCPenney, Coborn's, Goodwill, and Shopko. While at JCPenney, Wright purchased some items so that the group could use the JCPenney shopping bag to conceal other items stolen by either Cournoyer or Traversie. Wright also stole a duffel bag from Shopko and used the bag to conceal other stolen items. The stolen items were recovered after police executed a traffic stop on the group's vehicle after they left Shopko.

[¶3.]        A Davison County grand jury jointly indicted Wright and the other members of the group on April 27, 2016.  Count 2 of the indictment charged Wright with grand theft of more than $2,500, but less than or equal to $5,000 in violation of SDCL 22-30A-1 and SDCL 22-30A-17.  Wright initially pleaded not guilty but later changed his plea to guilty pursuant to a plea agreement.  In exchange for Wright's guilty plea, the State refrained from filing a part II (habitual) information and from charging Wright for failure to appear.  The plea agreement was placed in the record, and the circuit court reviewed with Wright the essential elements that the State was required to prove and the maximum possible penalties for the offense.  Wright indicated he understood all elements of the plea agreement.

[¶4.]        The circuit court also confirmed with Wright that he understood that by pleading guilty, he was waiving his "right to remain silent, [his] right to a jury trial, and [his] right to confront and cross-examine witnesses[.]"  The court held the following colloquy with Wright regarding the facts of his case:

> **[The Court]**: To the charge of grand theft as set out in the Indictment, how do you plead?
>
> **[Wright]**: I'm guilty.
>
> **[The Court]**: And on April 11, 2016, you were in Davison County?
>
> **[Wright]**: Yes, I was.
>
> **[The Court]**: And at that time, you went into various businesses and took property belonging to them?
>
> **[Wright]**: Yes, I did.
>
> **[The Court]**: Did you ask permission?
>
> **[Wright]**: No, I didn't.
>
> **[The Court]**: Did you pay for it?
>
> **[Wright]**: No, I didn't.
>
> **[The Court]**: You didn't return them?

**[Wright]**: No.

**[The Court]**: Was the value $2,500 or more, but less than $5,000?

**[Wright]**: Yes.

**[The Court]**: Do we know how much this was?

**[Wright]**: It was . . . $2,750.

**[The Court]**: The court will find a factual basis for the admission. The admission will be filed.

[¶5.] Wright was sentenced to five years in the state penitentiary. The circuit court suspended all five years of Wright's sentence and placed him on four years of supervised probation. As part of the suspended execution, Wright was also ordered to serve 165 days in the Davison County Jail with credit for time served. Wright was released from custody on September 19, 2016. He was ordered to serve his sentence in 30-day increments in jail during each December during his four years of supervised probation.

[¶6.] On February 21, 2017, Wright appeared before the circuit court regarding an alleged probation violation. At that hearing, Wright admitted to violating the terms of his probation and suspended sentence. The court reinstated Wright's five-year suspended sentence, but suspended four years and gave Wright credit for time previously served.

[¶7.] On September 27, 2017, Wright filed a petition for writ of habeas corpus. He later filed two amended writs, both alleging that his "due process and other constitutional rights were violated in that the charging documents charged [him] with an offense that was not supported by the evidence . . ." and that his "right to effective counsel . . . was violated . . . [because his] trial attorney did not

provide copies of the police reports to [Wright] and did not advise [Wright] of the economic value of the items being attributed to [him] . . . ."

[¶8.] The circuit court held an evidentiary hearing on February 14, 2018, and denied Wright's habeas petition. The court determined that Wright could not challenge his guilty plea or its supporting factual basis in a habeas corpus proceeding. The court also determined that Wright's defense counsel was not ineffective. Wright filed a motion for issuance of a certificate of probable cause on July 6, 2018, alleging appealable issues existed regarding his rights to due process and effective assistance of counsel. The habeas court filed an order for issuance of certificate of probable cause on July 10, 2018. The court's order did not specifically state the probable cause for allowing the appeal and did not list the specific issues to make a showing that Wright was denied his constitutional rights.

[¶9.] Wright appeals, asserting that the habeas court erred in quashing his writ of habeas corpus because: (1) his due process rights were violated; and (2) his right to effective assistance of counsel was denied. On appeal, the State contends this Court lacks jurisdiction to hear Wright's appeal.

**Standard of Review**

[¶10.] "Habeas corpus is not a substitute for direct review. Because habeas corpus is a collateral attack upon a final judgment, our scope of review is limited." *Iannarelli v. Young*, 2017 S.D. 71, ¶ 18, 904 N.W.2d 82, 87 (quoting *Engesser v. Young*, 2014 S.D. 81, ¶ 22 n.1, 856 N.W.2d 471, 478 n.1). We review only: "(1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an

incarcerated defendant has been deprived of basic constitutional rights." *Id.* (quoting *Engesser*, 2014 S.D. 81, ¶ 22 n.1, 856 N.W.2d at 478 n.1). In this limited vein, this Court "reviews a habeas court's 'factual findings under the clearly erroneous standard and legal conclusions under the de novo standard.'" *Madetzke v. Dooley*, 2018 S.D. 38, ¶ 8, 912 N.W.2d 350, 353 (quoting *McDonough v. Weber*, 2015 S.D. 1, ¶ 15, 859 N.W.2d 26, 34).

## Analysis & Decision

[¶11.]     The State first argues that no jurisdiction exists for this Court to entertain Wright's appeal. "Whether this Court has jurisdiction is a legal issue which is reviewed de novo." *State v. Medicine Eagle*, 2013 S.D. 60, ¶ 38, 835 N.W.2d 886, 900 (quoting *State v. Anders*, 2009 S.D. 15, ¶ 5, 763 N.W.2d 547, 549). "This Court has only such appellate jurisdiction as may be provided by the Legislature." *Stoebner v. Konrad*, 2018 S.D. 47, ¶ 6, 914 N.W.2d 590, 593 (quoting *State v. Stenstrom*, 2017 S.D. 61, ¶ 15, 902 N.W.2d 787, 791). "The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it." *Id.* (quoting *State v. Schwaller*, 2006 S.D. 30, ¶ 5, 712 N.W.2d 869, 871).

[¶12.]     Petitions for a writ of habeas corpus are governed by SDCL chapter 21-27. "A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this State on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists." SDCL 21-27-18.1.

> We interpret SDCL 21-27-18.1 to mean that if the trial court denies an application in a habeas claim, it must either issue a certificate of probable cause or state why a certificate should not issue. *A specific showing of probable cause must be articulated*

> *on the certificate* in order to confer jurisdiction upon this Court to review the denial of a habeas corpus petition. The certificate must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). In addition, *the certificate must indicate which specific issue or issues satisfy the showing of the denial of a constitutional right.*

*Iannarelli*, 2017 S.D. 71, ¶ 19, 904 N.W.2d at 87 (quoting *Lange v. Weber*, 1999 S.D. 138, ¶ 12, 602 N.W.2d 273, 276).

[¶13.]     Here, the habeas court's order for issuance of certificate of probable cause states as follows:

> THIS MATTER having come before this Court pursuant to the Petitioner's Motion for Issuance of Certificate of Probable Cause under SDCL 21-27-18, the Court having read the Petitioner's Motion, the Court being familiar with the file herein, and good cause appearing, it is hereby
>
> ORDERED that Certificate of Probable Cause shall hereby be issued to the Petitioner and Petitioner is hereby entitled to appeal this matter to the SD Supreme Court in accordance with the rules governing said appeals.

It is clear that the order does not contain "[a] specific showing of probable cause" or "indicate which specific issue or issues satisfy the showing of the denial of a constitutional right." *Id.* The certificate is therefore clearly insufficient to render jurisdiction to this Court.

[¶14.]     We find it necessary to reiterate again that a certificate of probable cause must be clear and detailed enough to make "a substantial showing of the denial of a constitutional right." *Iannarelli*, 2017 S.D. 71, ¶ 19, 904 N.W.2d at 87 (quoting *Lange*, 1999 S.D. 138, ¶ 12, 602 N.W.2d at 276). The certificate must also be complete enough to "indicate which specific issue or issues satisfy the showing of

the denial of a constitutional right." *Id.* (quoting *Lange*, 1999 S.D. 138, ¶ 12, 602 N.W.2d at 276).

[¶15.]     Because the certificate of probable cause issued by the circuit court is inadequate, we dismiss for lack of jurisdiction.

[¶16.]     KERN, JENSEN and SALTER, Justices, and KONENKAMP, Retired Justice, concur.